# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG<br><br>*This Document relates to:*<br>*City of Tampa, Florida v. 3M, No. 2:20-cv-01889-RMG* |

**DEFENDANTS' NOTICE OF CMO 32 RULE 30(b)(6) DEPOSITION OF
<u>PLAINTIFF CITY OF TAMPA, FLORIDA</u>**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants will take the remote deposition of City of Tampa, Florida upon oral examination before a notary public or other officer authorized to administer oaths on a mutually agreed date at a mutually agreed time and location. The deposition shall be recorded by stenographic means and by videotape. Exhibits for this deposition will be marked digitally by video teleconferencing/teleconferencing and all original exhibits will be maintained by the court reporter. The deposition will be used for discovery purposes and may be introduced as evidence on the trial of this action.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff shall designate one or more officers, directors, agents, or other representatives who consents to testify on behalf of Plaintiff with respect to the topics set forth in Schedule A attached hereto. Plaintiff should produce, no later than forty-eight (48) hours before the deposition, copies of all prior sworn testimony and the curriculum vitae and/or resume of each witness so designated and, pursuant to CMO 11-B, all documents used by the Rule 30(b)(6) witness to educate himself or herself and which form a basis for his or her knowledge on the topics noticed for deposition, or bates-number reference for such documents provided that the documents

1

had been previously produced. Pursuant to CMO 11-B, in the event that the total production of new documents not previously produced exceeds 500 pages, such documents should be provided at least seventy-two (72) hours prior to the start of the deposition.

PLEASE TAKE FURTHER NOTICE that, consistent with prior practice with respect to remote depositions in this MDL, in order to participate in the remote deposition, all parties must contact scheduling@golkow.com at least three (3) calendar days prior to the deposition to advise how they plan to attend the deposition either by (1) video with speaking privileges (not muted); (2) video without speaking privileges (muted); or (3) telephonically only without speaking privileges (muted). Failure to advise how a party plans to attend three (3) calendar days prior to the deposition could impact the party's ability to attend because of the nature of remote deposition logistics, confidentiality, and security of the remote deposition.

DATED: August 28, 2025               Respectfully submitted,

                                     By: */s/ Daniel L. Ring*
                                     Daniel L. Ring
                                     JENNER & BLOCK LLP
                                     353 N. Clark Street
                                     Chicago, IL 60654-3456
                                     P: (312) 923-2625

                                     *Counsel for Defendant 3M Company*

2

**SCHEDULE A**

**DEFINITIONS**

As used in this Notice, the following terms shall have the following meanings:

    1.    "Action" means the case captioned *City of Tampa, Florida v. 3M*, No. 2:20-cv-01889-RMG.

    2.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of these topics any information which might otherwise be construed to be outside their scope.

    3.    "AFFF" means Aqueous Film-Forming Foam.

    4.    "Concern" or "concerning" means in any way, directly or indirectly, discussing, describing, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, representing, qualifying, terminating, revoking, canceling, negating, relating to, tending to prove or disprove, or in any way logically or factually connected with the matter set forth.

    5.    "CMO 32 Site" means Tampa Fire Rescue Training Center, 176 S. 34 St., Tampa, FL 33605.

    6.    "Date(s)" means the exact day(s), month(s), and year(s), if known, or if not, the best approximation(s) (including with relationship to other events).

    7.    "Defendant" means any defendant named in this Action.

    8.    "Database" means any structured or non-structured electronic repository or system or hard copy medium utilized by You to store information and records.

    9.    "Environmental Media" means the non-living parts of the environment, including, but not limited to, groundwater, surface water, and soil.

3

10. "Identify" or "identification" means to provide sufficient information to allow a reasonable person to locate and comprehend the subject or information sought.

11. "Plaintiff" or "You" means the City of Tampa, Florida and any of its elected officials, officers, directors, board members, managers, employees, agents, divisions, subdivisions, subsidiaries, parents, affiliates, predecessors and representatives.

12. "Relevant Period" means January 1, 1965 until present. All topics identified below concern or relate to the Relevant Period unless otherwise indicated.

# TOPICS[1]

1. The name, current or former job title, and contact information for all individuals with knowledge of how AFFF is or has been purchased, received, stored, tracked, used and disposed of at the CMO 32 Site.

2. The identity and characteristics of any AFFF product(s) that have been or are <u>present</u> at the CMO 32 Site, including, without limitation each AFFF brand and/or formulation present, volume present, date(s) present (including the earliest date each brand of AFFF was first present), and disposition of such foam (i.e. whether the AFFF was used or went unused) and/or the containers in which they were originally stored.

3. The identity and characteristics of any AFFF product(s) that have been <u>used or otherwise released</u> at the CMO 32 Site, including, without limitation the AFFF brand and/or formulation, volume used or released, and date(s) used or released.

4. How and where AFFF is or has been stored at the CMO 32 Site, including, without limitation whether one brand or formulation of AFFF may have been stored in a container that was previously used for another brand or formulation of AFFF.

5. The process by which You have ordered and/or received AFFF at the CMO 32 Site or by which You tracked or were otherwise aware of what AFFF products were brought to the CMO 32 Site.

6. Details regarding any Database, inventory log, or other tracking system containing information about type of AFFF sold, delivered to, stored, or used at the CMO 32 Site, including,

---

[1] These Topics are limited to fall within the scope of CMO 32. Pursuant to the parties' prior agreement, Defendants reserve the right to take additional Rule 30(b)(6) testimony on additional Topics in the event that this matter proceeds beyond the initial product identification phase contemplated by CMO 32.

5

without limitation, the type of Database, log, or system used, the date(s) the Database, log, or system has been in use, and the information tracked by such Database, log, or system.

7. Information regarding documents produced by Plaintiff in connection with this Action, including, without limitation, where photographs that have been produced were obtained, when they were taken, who took the photographs, and the location they were taken. This Topic specifically includes, without limitation, the photographs or documents produced with the Bates numbers: AFFFMDL_TAMPA_00000001-AFFFMDL_TAMPA_00000044; AFFFMDL_TAMPA_00000060.

**CERTIFICATE OF SERVICE**

    I certify that on August 28, 2025, I caused the above Notice of Rule 30(b)(6) Deposition to be served via email upon counsel of record for the Plaintiff City of Tampa, Florida and Plaintiffs' Liaison Counsel.

*/s/ Daniel L. Ring*
Daniel L. Ring

7